UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND THOMAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SHILOH INDUSTRIES, INC., RAMZI HERMIZ, and THOMAS M. DUGAN,<br><br>Defendants. | No. 1:15-cv-07449-KMW<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF RAYMOND THOMAS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Movant Raymond Thomas ("Movant") respectfully submits this memorandum of law in support of his motion to appoint Movant as lead plaintiff and to approve Glancy Prongay & Murray LLP and the Rosen Law Firm, P.A. as co-lead counsel pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of purchasers of Shiloh Industries, Inc. ("Shiloh" or the "Company") securities.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the person or group of persons with the largest financial interest in the relief sought by the Class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA, and should be appointed lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Glancy Prongay & Murray LLP and the Rosen Law Firm, P.A. as co-lead counsel should be approved because the firms have substantial expertise in securities class action litigation, and the experience and resources to efficiently prosecute this action.

## I.  FACTUAL BACKGROUND

This is a class action on behalf of purchasers of Shiloh securities between March 9, 2015 and September 14, 2015, inclusive (the "Class Period"), seeking to pursue remedies under the

Securities Exchange Act of 1934 (the "Exchange Act"). Shiloh manufactures and distributes lightweighting, noise and vibration solutions to automotive, commercial vehicle and other industrial markets. The Company's products purportedly focus on successfully balancing the need to reduce cost, weight and part complexity with the need to enhance performance, safety and fuel efficiency.

The Complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose (1) that the Company had underreported the cost related to its manufacturing of products; (2) that the Company engaged in irregular accounting practices related to surcharges assessed on steel at the Company's facility in Wellington, Ohio; (3) that, as a result, the Company's earnings and income were overstated; (4) that the Company lacked adequate internal controls over financial reporting; and (5) that, as a result of the foregoing, Defendants' statements about Shiloh's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis. Upon disclosure of these issues the Company's securities declined sharply in value, thereby damaging investors.

On September 14, 2015, after the close of trading, the Company issued a press release disclosing its financial results for the third quarter of 2015. Therein, the Company reported revenues of $275.2 million and a gross profit of $20.2 million. The Company, however disclosed, "that a material weakness existed in the Company's internal control over financial reporting at January 31, 2015 and April 30, 2015," and that Shiloh would need to restate its income for prior periods by over $2 million. Shiloh's investigation into the accounting irregularities and internal control problems concluded, "that previously reported financial results for this facility had been overstated and that this overstatement was attributable to the accounting

2

for inventoried costs, the majority of which was associated with a surcharge assessed on steel. The Company has taken steps to remediate the internal control deficiencies, including replacing the financial leader at the Company's Wellington facility." On this news shares of Shiloh declined $1.68 per share, or 16%, to close on September 15, 2015 at $8.58 per share, on unusually high volume.

## II.   PROCEDURAL HISTORY

Plaintiff Raymond Thomas ("Thomas") commenced the above-captioned case against Shiloh on September 21, 2015. That same day, counsel for Thomas published a notice on *Business Wire* announcing that a securities class action had been initiated against Defendants herein, and advised investors they had until November 20, 2015 to file a lead plaintiff motion.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

    (aa) has either filed the complaint or made a motion in response to a notice. ..;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation, and he meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion

On September 21, 2015, pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Thomas published a notice of the pendency of Thomas's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against Defendants herein and advising purchasers of Shiloh securities that they had 60 days from the publication of the September 21, 2015 notice to file a motion to be appointed as lead plaintiff. *See* Declaration of Lesley F. Portnoy in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Portnoy Decl.") at Exhibit ("Exh.") A;

4

*Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 62-63 (D. Mass. 1996) (publication on a national wire service satisfies the PSLRA notice requirement).

Movant timely filed this motion within the 60-day period following publication of the September 21, 2015 PSLRA notice, and submits herewith his sworn certification and attests that he is willing to serve as representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl., Exh. B. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant purchased Shiloh securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of approximately $10,117. *See* Portnoy Decl., Exh. C. To the best of his knowledge, Movant is not aware of any other Class member claiming larger financial losses that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3.  Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a.  Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose,* 2008 WL 4974839 at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

6

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Shiloh's business, operations, and financial prospects violated the federal securities laws. Movant, like all of the members of the Class, purchased Shiloh securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Portnoy Decl., Exh. C. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has retained Glancy Prongay & Murray LLP and the Rosen Law Firm, P.A. to pursue this litigation on his behalf and will retain the firms as the Class's co-lead counsel in the event he is appointed

7

lead plaintiff. Glancy Prongay & Murray LLP and the Rosen Law Firm, P.A. possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Portnoy Decl. as Exhs. D and E. Thus, the Court may be assured that, by granting the Movant's motion, the Class will receive the highest caliber of legal representation.

### III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court to grant his Motion and enter an Order (1) appointing Movant as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP and the Rosen Law Firm, P.A. as co-lead counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: November 20, 2015        GLANCY PRONGAY & MURRAY LLP

By:   s/ Lesley F. Portnoy
Lesley F. Portnoy (LP-1941)
122 East 42nd Street, Suite 2920
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lportnoy@glancylaw.com

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy
Robert V. Prongay
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

                THE ROSEN LAW FIRM, P.A.
                Phillip Kim, Esq. (PK 9384)
                Laurence Rosen, Esq. (LR 5733)
                275 Madison Avenue, 34th Floor
                New York, NY 10016
                Phone: (212) 686-1060
                Fax: (212) 202-3827
                Email: pkim@rosenlegal.com
                Email: lrosen@rosenlegal.com

*[Proposed] Co-Lead Counsel for Movant and the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING PURSUANT TO SOUTHERN DISTRICT OF NEW YORK ECF AND LOCAL RULES AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 20, 2015, I served true and correct copies of **MEMORANDUM OF LAW IN SUPPORT OF RAYMOND THOMAS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 20, 2015, at New York, New York.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy

# Mailing Information for a Case 1:15-cv-07449-KMW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Robert C. Micheletto**
  rmicheletto@jonesday.com,dpjacobson@jonesday.com

- **Lesley Frank Portnoy**
  LPortnoy@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`